

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-11-2009

# Alberto Riz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Alberto Riz v. Atty Gen USA" (2009). *2009 Decisions*. Paper 1193.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1193

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3017
_____

ALBERTO RIZ,
                                        Petitioner

v.

MICHAEL B. MUKASEY, Attorney General of the United States,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A73-590-696)
Immigration Judge:  Honorable Miriam K. Mills

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 11, 2009
Before: SLOVITER, STAPLETON and COWEN, Circuit Judges

(Opinion filed: June 11, 2009)
_____

OPINION
_____

PER CURIAM

     Petitioner seeks review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from the Immigration Judge's ("IJ") order of removal.  For the

following reasons, we will deny the petition.

I.

Petitioner, Alberto Riz, is 29 years old and is a citizen of Guatemala. Riz entered the United States unlawfully in or around 1996 and was placed in removal proceedings. Riz applied for asylum and withholding of removal, but his applications were denied. Riz apparently left the country thereafter. He returned to the United States in September 2000, and, in 2005, was again placed in removal proceedings. This time, Riz sought relief under the Convention Against Torture ("CAT").

In his application for relief under the CAT, Riz claimed that he feared returning to Guatemala because former guerillas, criminals, or "bad police" might harm him or his family. (A.R. 000133.) Riz further claimed that he feared "being imprisoned and tortured by the police or government agents" because, according to Riz, they will believe that he has access to "a lot of money from the United States." (A.R. 000133.) Riz explained that his fear is based on accounts from family members still living in Guatemala, and on various country reports discussing human rights conditions there. Later in his application, Riz added that, when he returned to Guatemala after his initial application for asylum had been denied, the people who had killed his brother some time in the past found him and threatened to kill him as well. (A.R. 000134.) According to Riz, they thought he had a lot of money because he had come from the United States.

In support of his application, Riz submitted a 1999 report on Human Rights Developments issued by Human Rights Watch, the U.S. Department of State Country

Reports for the years 1996 and 2004, and the State Department's 1997 Profile of Asylum Claims and Country Conditions for Guatemala. Riz later supplemented his application with several other reports, including Human Rights Watch's 2006 report on conditions in Guatemala.

At his removal hearing before Immigration Judge Miriam K. Mills, Riz's attorney opted to rest on the record, and did not introduce any testimony in support of Riz's application. After reviewing the record, IJ Mills denied the application on the ground that Riz failed to establish that it is more likely than not that he would be tortured if forced to return to Guatemala. See 8 C.F.R. § 1208.16(c)(2). By order entered June 10, 2008, the BIA adopted and affirmed the IJ's decision. This petition for review followed.

II.

We have jurisdiction to review final orders of removal pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 548 (3d Cir. 2001). In this case, the BIA adopted the IJ's decision with some independent commentary, so we will review both decisions together. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). We review the BIA's and IJ's decisions to deny CAT relief under the deferential substantial evidence standard. Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003). Under this standard, we will uphold the Board's findings unless the evidence not only supports a contrary conclusion, but compels it. See Abdille v. Ashcroft, 242 F.3d 477, 483-84 (3d Cir. 2001).

3

An applicant seeking relief under the CAT bears the burden of establishing, through objective evidence, that "it is more likely than not" that he would be tortured if returned to the proposed country of removal. Sevoian v. Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). Torture is defined as the intentional infliction of severe pain or suffering "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). An alien may establish government acquiescence to torture by showing that the government has awareness of, or is "willfully blind" to, a group's activities. Silva-Rengifo v. Att'y Gen., 473 F.3d 58, 65 (3d Cir. 2007).

Upon review of the record, we conclude that substantial evidence supports the BIA's finding that Riz failed to establish that it is more likely than not that he would be tortured if returned to Guatemala. Although the evidence that Riz submitted in support of his application indeed shows a pattern of human rights violations in Guatemala, it does not demonstrate that Riz himself will be the target of torture, or that the government will acquiesce in that hypothetical torture. For example, while the U.S. Department of State's 2004 Country Report on Human Rights Practices indicates that there is a high level of criminal activity and corruption in Guatemala, nothing therein suggests that Riz would be singled out for such treatment. (A.R. 000163-173.) See Zubeda, 333 F.3d at 478 (stating that reports of generalized brutality within a country do not, in the absence of additional evidence, allow an alien to sustain his burden under the CAT.) Similarly, the Department

4

of State's 2005 Public Announcement merely warns foreign travelers to beware of armed robberies and other violent crimes; it does not include any reports of native citizens being subject to torture.  (A.R. 000141-42.)  Furthermore, contrary to Riz's contention, none of the evidence indicates that Guatemalans returning from the United States were specifically targeted for mistreatment based on the perception that they were wealthy. Accordingly, the record supports the conclusion that Riz did not meet his burden of establishing that it is more likely than not that he will be tortured in Guatemala.

III.

For the foregoing reasons, we will deny the petition for review.

5